# In The United States District Court for the Southern District of Indiana

**BRIAN SCOTT KENNEDY,**
On Behalf Of Himself,

**PLAINTIFF,**

----Against

**HPH Hospitality LLC, Peyton Hughes, Georg Heringer,**
( Collectively, Defendants )

**DEFENDANTS**

Case No

4:19-cv-0177 SEB-DML

Judge
Magistrate Judge

2019 AUG 21 PM 1:24

Plaintiff, Brian Scott Kennedy, on Behalf of himself, and Complaining of Defendants, HPH Hospitality LLC, Peyton Hughes, Georg Heringer, ( Collectively Defendants ) allege,

## CLASS ACTION COMPLAINT

### NATURE OF ACTION

Plaintiff on behalf of himself, alleges Peyton Hughes, Georg Heringer Collectively as defendants, the owners of HPH Hospitality LLC D/B/A The Sherman Hotel, The Bier Hall Bar violated wage theft, wage and hour laws by engaging in improper tip-pooling practices; redistributing portions of employees' tips to non-tip eligible employees; failing to pay last paycheck, failing to pay proper overtime compensation to employees who worked more than 40 hours in a work week, Failing to pay taxes on behalf of employee, both State and Federal including social security taxes, stealing tips out of the bartenders tip bucket, creating a hostile work environment under Title VII of the Civil Rights Act of 1964 Offensive conduct, not banning patrons who threaten violence against Plaintiff in the Sherman Hotel Bier Hall Bar. Defendants created financial hardship against Plaintiff, and for Plaintiffs diabled family member by violation of deceptive wage practices and actively engaged in Defamation of Character, slander on social media against plaintiff. Defendants Engaged in systematic age and sex

dicrimation against Plaintiff, and deceptive practices through verbal and email communication.

Plaintiff brings this action on behalf of himself, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff of lawfully earned wages.
Plaintiff sues on his own behalf and on behalf of a class of persons under Federal Rule of Civil Procedure 23 for the following two subclasses of employees: Class Action Subclass 1: All tipped employees or other employees paid at or below Indiana minimum wage who worked for HPH Hospitality from May 2019 to August 2019 (the "Collective Period") and who had no lawful deductions taken from his paycheck that brought Plaintiff's wage rate below minimum wage. Class Action Subclass 2: As a tipped employee who worked for HPH Hospitality, Peyton Hughes, Georg Heringer during the Collective Period and was not paid at least minimum wage for all hours worked while "on call" and /or while performing non-tipped work

1. HPH Hospitality LLC ,Peyton Hughes, Georg Heringer,an Indiana based business.Peyton Hughes, Georg Heringer, pride themselves in taking an active role managing their hotel, and all drinking and dining facilities, ensuring that it meets their standards for customer and employee experience.

2. In August of 2016 HPH Hospitality D/B/A The Sherman Hotel In Batesville, Indiana, began hiring employees, As Posted InThe Batesville Herald Tribune August 10th, 2016 The Sherman Hotel. HPH Hospitality,Peyton Hughes, Georg Heringer, collectively, The Sherman Bier hall , where Plaintiff was employed and compensated Plaintiff at the " tipped" minimum wage of $2.13 an hour including tips worked that shift an hour As Governed By The FLSA. Plaintiff was employed as a bartender, Defendants forced Plaintiff, to split tips with other unqualified bartenders, with tip pool credit earned at the end of the shift. The server report from time of hire to the day Plaintiff quit will reflect Plaintiffs sales, and From The Tip Pool, Hotel Volunteers would be tipped out from Plaintiffs tip credit and are not paid tipped employees of HPH Hospitality.

3..The Sherman Hotel, HPH Hospitality, Peyton Hughes, Georg Heringer would force Plaintiff to turn in all earned tips for HPH Hospitality sanctioned events, such as the Grand Opening, and festivals created by HPH Hospitality, Combined Defendants split tips with other employees, including non tipped employees and "Volunteers" for HPH Hospitality keeping Portions Of tips. Whether Defendants failed and /or refused to pay the members of the class action subclasses at least

minimum wages for all hours Defendants suffered or permitted them to work; ( A.) What the proper measure of damages is with respect to the class members' claims; and ( B.) Whether Defendants instituted these unlawful policies and practices willfully

4..Defendant Peyton Hughes committed wilful wage theft by unlawful deductions and going in Plaintiff's tip bucket ,taking tips out that Plaintiff earned through working as a Bartender on multiple occasions as witnessed by Plaintiff and a customer as listed on social Media as facebook.

5..Defendant Peyton Hughes of HPH Hospitality, administers all social media pages for The Sherman Hotel, Bierhall and Bier Garten such as Facebook and Instagram, and slandered Plaintiff on Facebook, alleging Plaintiff a Tip Thief, Engaging in intimidating behavior, online defamation of character, Libel,Breach of privacy rights, Causing Plaintiff duress Ind. Appellate Rule 45(D). "Prima facie error" is error at first sight, at first appearance, or on the face of it. See, e.g., Progressive Ins. Co. v. Harger, 777 N.E.2d 91, 92 (Ind. Ct. App. 2002). intentional infliction of emotional distress and negligent infliction of emotional distress, unable to gain employment in Batesville , Indiana or surrounding area. Defendant Violated Indiana Code
Indiana Code § 34-15-1-1of libel Falsely stated as fact and Communicated , defendant demonstrates actual malice Dugan v. Mittal Steel USA, Inc., 929 N.E.2d 184, 186 (Ind. 2010). Moreover, "[a]ny statement actionable for defamation must not only be defamatory in nature, but also false." Miller v. Cent. Ind. Cmty. Found., Inc., 11 N.E.3d 944, 956 (Ind. Ct. App. 2014) "Whether a communication is defamatory or not is a question of law for the court, unless the communication is susceptible to either a defamatory or non defamatory interpretation—in which case the matter may be submitted to the jury." Kelley v. Tanoos, 865 N.E.2d 593, 596 (Ind. 2007) (citing Rambo, 587 N.E.2d at 145).

Defamation is"that which tends to injure reputation or to diminish esteem, respect, good will, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff." <u>Davidson v. Perron, 716 N.E.2d 29, 37 (Ind.Ct.App. 1999),trans. denied.</u> To establish defamation, a plaintiff must prove the following elements: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. Id. The latter two elements are not at issue here.

Generally, the determination of whether a communication is defamatory is a question of law for the court. Id. The determination becomes a question of fact for the jury if the communication is reasonably susceptible of either defamatory or non-defamatory interpretation. Id. However, a communication is defamatory per se if it imputes: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct. <u>Levee</u>

v. Beeching, 729 N.E.2d 215, 220 (Ind.Ct. App.2000).Defamatory per se. Indiana defamation law defines defamation as "a statement that 'tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" Journal-Gazette Co. v. Bandido's, Inc., 712 N.E.2d 446, 451 (Ind. 1999) (quoting Doe v. Methodist Hospital, 690 N.E.2d 681, 686 (Ind. 1997).

In a subsequent Indiana case, defamation was similarly stated as "that which tends to injure or to diminish esteem, respect, goodwill, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff." Ratcliff v. Barnes, 750 N.E.2d 433, 436 (Ind. App. 2001), Haegert v. McMullan, 953 N.E.2d 1223, 1230 (Ind. App. 2011) (quoting McQueen v. Fayette Cnty. Sch. Corp., 711 N.E.2d 62, 65 (Ind. App. 1999).

6..Plaintiff frequently complained to combined defendants about having to Tip Pool, as Plaintiff Would leave with less money than Plaintiff earned according to server reports with tips earned through credit cards and cash.

7.Plaintiff frequently complained no Check Stub was ever included in Plaintiffs paycheck showing wage and tax statements ,Failing repeatedly to pay spread of hours pay, Misappropriated Tips, and Tip Pooling, theft of tips earned out of Plaintiffs tip bucket and Credit Card Tips, or any deductions taken.

8.Defendants repeated and systematic breach of contract through email to subsidize tips, that never happened. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith,or by his lawful agent. Indiana Code 32-21-1-1. , Indiana Code 26-2-8-106. Legal recognition of electronic records, electronic signatures, and electronic contracts. Requirement of written agreement; agreements or promises covered,15 U.S. Code § 7001.General Rule of validity.

9. At its basic level, a contract requires an offer, acceptance and consideration. An "offer" is "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Eerdmans v Maki, 226 Mich App 360, 364; 573 NW2d 329 (1997). "Acceptance must be unambiguous and in strict conformance with the offer." Id. a contract requires mutual assent or a meeting of the minds on all the

essential terms, *Eerdmans*, 226 Mich App at 364. This meeting of the minds can be found from performance and acquiescence in that performance. *Sanchez v Eagle Alloy Inc*, 254 Mich App 651, 665-666; 658 NW2d 510 (2003).

An objective standard is used to determine if a meeting of the minds has occurred; a court will look "to the express words of the parties and their visible acts, not their subjective states of mind." *Calhoun Co v Blue Cross Blue Shield Mich*, 297 Mich App 1, 13; 824 NW2d 202 (2012).

10. Defendants have systematically and repeatedly ignored the Requirements for the fair Labor And Standards Act 29. U.S.C.§ 201, Et. Seq ( FLSA ) And the Indiana Code Title 22. Labor and Safety § 22-2-2-4 for compensation, misappropriated tips,Overtime wages, Spread Of Hours Pay failing to maintain an accurate record of wages paid, hours worked and tips paid to Plaintiff.

11. Plaintiff Has Addressed these issues to HPH Hospitality,Peyton Hughes,Georg Heringer, The General Manager Pat Voegle and Former Bar Manager Michelle Cyrus,through verbal communication,phone Texts ,Email Correspondence of a Customer Threatening to have Plaintiff Physically Beaten for 1. Asking Customer for Identification to purchase Alcoholic Beverage, Later as Customer Was Asked to leave the Bar Willingly because of Patrons Outrageous and Extreme Conduct,Reckless or Intentional Behavior
By Force Of The Batesville Police Department. HPH Hospitality,D/B/A As the Sherman Hotel, Bier Hall Bar Refused to Ban Customer And Protect Defendant from Possible Harm. <u>Section 5(2)(1)</u> of the OSHA Act, often referred to as the General Duty Clause, requires employers to "furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." <u>Section 5(a)(2)</u> requires employers to "comply with occupational safety and health standards promulgated under this Act."

12. Plaintiff alleges Discrimination Under The Employment Act of 1967 (ADEA; 29 U.S.C. § 621 to 29 U.S.C. § 634) is a US labor law that forbids employment discrimination against anyone at least 40 years of age in the United States (see 29 U.S.C. § 631).lawful Actions. Plaintiff is 52 years of Age, and Informed HPH Hospitality, Peyton Hughes, Georg Heringer, that If a Bar Manager position was to become Available, Plaintiff was Interested. Peyton Hughes wrote in Several Email Correspondences,Good Things were coming, and continually Asking Plaintiff for Drink Cocktails,

How to Make the Bier Hall Bar Better Plaintiff wrote out 10 pages of Ideas and Provided to Defendant claiming that defendants Were slowly implementing. Plaintiff has written communication That without Plaintiffs help, HPH Hospitality, Peyton Hughes would Have To Cancel an Event. Defendant Peyton Hughes Told Plaintiff Local Positive Feedback on Plaintiff was Overwhelmingly Positive, and to Be Patient for the Position.

Defendant Peyton Hughes, Hph Hospitality, Fired The Bar Manager, Michelle Cyrus the night before, and Defendant, Peyton Hughes asked Plaintiff By Email For Drink Cocktail Specials, and what They Should Cost. While Plaintiff Provided Defendants Suggestions, Plaintiff had No Knowledge The Bar Manager was Terminated And A Position Was Available. Upon Arriving To Work at the Sherman Hotel Bier Hall, Plaintiff Was Informed a 2 Week Old Newly Hired 28 Year Old Female With Less Experience, Was Now The Bar Manager. Plaintiff engaged defendants asking Why Plaintiff was Not Hired for the Bar Manager, despite all written and verbal Communication between Plaintiff and Defendants to the contrary. A week after Plaintiff voluntarily terminated employment, Defendants advertised on social media ( Facebook ) defendants had three new female bartenders

¶

13. The business of Defendant was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendant is subject to, and covered by, the FLSA. 37. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 ($7.25) Dollars an hour. 38. Defendant failed to pay Plaintiff and others similarly situated the minimum wages to which they are entitled under the FLSA.

14. While the FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "tip credit" and pay less than the statutory minimum wage to tipped employees, this exception is only allowed on the condition that any tip pool is shared only with other employees who customarily and regularly receive tips and that the employer taking the "tip credit" permit employees to retain all tips received by the employee. 40. When the employer makes deductions from an employee's tips or does not allow

15. When the tip pool is invalidated, the employer can no longer enjoy the benefits of the tip credit provision, 29 U.S.C. § 203(m). 43. Likewise, if an employer requires tipped employees to wear, launder, or professionally clean a uniform, the cost of professionally cleaning that uniform should be paid by the employer pursuant to 29 C.F.R. § 531.3 and not by the employee, particularly if the expenses reduce the employee's earnings below the minimum wage – regardless of whether the employee consents to the deduction or not. When the employer makes deductions from the tips or wages of tipped workers or requires tipped workers to use their wages or tips to pay for business expenses or costs that are primarily for the benefit of the employer, such as having work uniforms professionally cleaned and maintained on a regular basis, the employer is not allowed to claim a tip credit. Without the benefit of the tip credit, the employer must pay tipped workers an hourly rate of the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour for all hours worked, without any credit for the tips they received. At all relevant times, Defendant compensated Plaintiff and others similarly situated at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 et seq.

15.  Defendant has violated the FLSA, 29 U.S.C. § 203(m), in reckless disregard for the rights of Plaintiff. As a result of Defendant's willful violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

16. Fair Labor Standards Act – Overtime Wages (Brought on behalf of Plaintiff and the FLSA. Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

17. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to Defendant and protect Plaintiff,

18. Plaintiff and the FLSA sometimes worked in excess of forty (40) hours during some workweeks in the relevant period.

19. Defendant willfully failed to pay Plaintiff and the FLSA one and one half times Less of the Required minimum wage per hour for all work in excess of forty (40) hours per work week. Defendant's unlawful conduct, as described herein, has been willful and intentional. Defendant was aware or should have been aware that the practices described herein were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to compensation of the Plaintiff and the FLSA.

20. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, et seq.

21 As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, et seq

## THIRD CAUSE OF ACTION

22 Violation of The Indiana Payment of Wages Act. Code § 22-2-5, 22-2-9-4
In Indiana, an employer may only withhold portions of an employee's paycheck under limited circumstances. These withholdings are covered under the Indiana Wage Deduction Statute, I.C. 22-2-6-2.et. al. (Unauthorized Deductions from Wages and Notice Violations) (Brought on behalf of Plaintiff )

23.At all relevant times, Defendant has been an employer of the Plaintiff and the The Indiana Civil Rights Law (ICRL)

24.Defendant has engaged in a widespread pattern, policy, and practice of deception violating Indiana and Federal law, as detailed in this Complaint.

25. Defendant is in Violation of Libel against Plaintiff 28 U.S. Code § 4101

26. Plaintiff Seeks Relief Against Defendants Seeks Compensation For, Libel, Age Discrimination Misappropriated Tips, Hostile Work Environment,Tip Theft, Forced Tip Pooling,Spread Of Hours Pay, OverTime Pay, Liquidated Wages, Pre And Post Judgement Interest, Compensatory damages, Attorney Fees And
Costs Pursuant To FLSA And The Indiana Labor Code Title 22, Discrimination Under The Employment Act of 1967 (ADEA; 29 U.S.C. § 621 to 29 U.S.C. § 634) Act Because Plaintiff is 52 Years of Age, And The Indiana Age Discrimination Act (IADA)

25, Defendant has engaged in a widespread pattern, policy, and practice of violating the ICRL, as detailed in this Complaint.

26. At all times relevant, Plaintiff and the Indiana Civil Rights Law ( ICRL ) Class Members have been covered by the ICRL et seq.

27, Money received by Plaintiff and the ICRL Class Members, whether by way of paychecks or as tips, were 'wages" as defined by the ICRL,. Code Ann. § 22-2-1(2).

28. Defendant illegally deducted amounts from the wages of Plaintiff and the IMWL

29 Defendant's illegal deductions from the wages of Plaintiff were made in bad faith.

30. Pursuant to ICRL Employees are entitled to recover in this action an amount equal to three (3) times the full amount of their wages that were illegally deducted from their pay, plus reasonable attorneys' fees and costs.

31. Defendant's deceptive illegal deductions from the wages of Plaintiff were made in bad faith.

32. Defendant Violated fair Employment Practices Both State The Indiana Civil Rights Law (ICRL) And The Employment Act Of 1967

33. Defendant Violated The FLSA Fair Labor Standards Act As Amended 29 U,S,C. 201 Et Seq, And Specifically The Collective Action Provision Of 29 U,S,C. (b) And Lawfully Earned Tips And Wages

34. Defendant Willfully Violated The Occupational Safety and Health Act of 1970 The Occupational Safety and Health Act of 1970 (OSH Act) is administered by the Occupational Safety and Health Administration (OSHA). The OSH Act covers most private sector employers and their employees in the 50 states, the District of Columbia, Puerto Rico, and other U.S. territories, By allowing A Customer to Issue Physical Threats to Plaintiff And Willfully Doing Nothing To Protect Plaintiff On HPH Owned Property, 29 U.S.C Public Law 91-596

35. Defendant Violated The Indiana Civil Rights Law (ICRL) Against Plaintiff Through Age Discrimination, As Federal Law Title VII Of The Civil Rights Act Of 1964.

36. Defendant Violated Plaintiffs EEOC Rights, the federal agency enforcing the law's employment sections, explains that this language means that it is illegal for an employer to make adverse employment decisions based on unfounded concerns about the known disability of a family member or anyone else with whom a job applicant or employee has a relationship or association. The Indiana Employment Discrimination Against Disabled Persons Act (IEDADPA) applies to employers with 15 or more employees. The IEDADPA prohibits discrimination against qualified individuals with disabilities and requires a covered employer to provide reasonable accommodations for such individuals/ Defendant Caused Financial and Emotional Hardship On Plaintiff And Plaintiffs Wife, Plaintiffs 9th Amendment Rights. Plaintiff called EEOC to no avail. Defendants engaged in constant and aggressive deceptive money practices, making it contrary to reason for Plaintiff to provide for his family and medically disabled wife, unable to afford prescribed medications.

37. Payment of service awards to Plaintiff, in recognition of the services he has rendered and will continue to render to the FLSA Collective and the Rule 23 Class; j. Attorneys' fees and costs; and k. Such further relief as the Court deems just and proper.

## FOURTH CAUSE OF ACTION

38. Plaintiff restates and incorporates the foregoing allegations stated above as if fully rewritten

39. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

40. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

41. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages.

42. In violating Indiana and federal law, Defendants acted willfully, without a good faith basis and with reckless disregard to Indiana and federal law.
43. As a result of Defendants' willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated above.

43. At all relevant times, HPH Hospitality LLC, Peyton Hughes, Georg Heringer, maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, deductions, and other practices.

44. HPH Hospitality LLC, Peyton Hughes, Georg Heringer, is an "employer" of Plaintiff as that term is defined by the FLSA, Section 34a, and § 4113.15.

45. At all relevant times, HPH Hospitality LLC, Peyton Hughes, Georg Heringer, was and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA

46. At all relevant times, Peyton Hughes, Georg Heringer, HPH Hospitality LLC was actively involved in managing the operations of The Sherman Hotel and Bier Hall

47. At all relevant times, Peyton Hughes, Georg Heringer HPH Hospitality LLC, had control over Defendants' pay policies and the unlawful policies and practices alleged herein.

48. At all relevant times, Peyton Hughes, Georg Heringer HPH Hospitality LLC, had the power to stop any illegal pay practices that harmed Plaintiff.

49. Throughout her employment, Defendants collectively took deductions from Plaintiff's paychecks that were characterized as "unknown"

### PRAYER FOR RELIEF WHEREFORE,

Plaintiff, Brian Scott Kennedy individually, respectfully requests that this Court grant the following relief:

Plaintiff seeks the Court to consider seeking expedited discovery.
Rule 26(d) of the Federal Rules of Civil Procedure (and comparable state court rules) allow courts to adjust the timing and sequence for conducting discovery. Under the good cause (or reasonableness) standard, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Although jurisdictions differ as to what factors are considered under the good cause standard, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (quoting *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006))

Date Filed  21 August 2019

Entry Number

A. An order authorizing the sending of appropriate notice to current and former employees of Defendant who are potential witnesses of the action under the Fair Labor Standards Act;

B. A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage provisions of the FLSA, and deprived Plaintiff and the FLSA Collective Members of their rights to such compensation;

C. An order requiring Defendant to provide a complete and accurate accounting of all the minimum wages and overtime wages to which Plaintiff is entitled; as well as all Server reports under defendants employment with HPH Hospitality.

BRIAN SCOTT KENNEDY
11416 GOLD CUP COURT
WALTON, KY 41094